UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

WILLIAM SIM SPENCER,

                          Plaintiff,                    Case No. 1:17-cv-99

v.                                         Honorable Janet T. Neff

RICHARD SNYDER et al.,

                          Defendants.
_____/

## OPINION

        This is a civil rights action brought by a state parolee pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff William Sim Spencer presently is on parole and resides in Benzie County. He sues Governor Richard Snyder, the Michigan Parole Board (MPB), and the following MPB members: Chairman Michael Eagen, Kevin R. Belk, Amy Conito, Charles Brown, Abigail Callejas, Anthony King, Jayne Price, Barbara Sampson, Brian Shipman, Sonya Amos-Warchock, and Jerone Warfield.

Plaintiff alleges that he was denied parole for at least 20 additional months because he refused to abandon his claim that he was innocent of the charge on which he was convicted. Plaintiff contends that, by demanding that he admit guilt to be eligible for parole, Defendants violated his rights under the First and Fifth Amendments. Plaintiff seeks a declaratory judgment, together with compensatory damages.

**Discussion**

I.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). In Count 1 of his complaint, Plaintiff claims that his First Amendment rights have been violated because he was required to say that he is guilty of the offense for which he was convicted in order to improve his chance of parole. In *Hawkins v. Morse*, No. 98-2062, 1999 WL 1023780, at *2 (6th Cir. Nov. 4, 1999), the Sixth Circuit affirmed the dismissal of a prisoner's similar First Amendment claim, stating that "the parole board's consideration of a prisoner's willingness to accept responsibility for committing a crime does not force [the prisoner] to admit his guilt. [The prisoner] is free to maintain his innocence." *Id.*; *see also Hawkins v. Abramajtys*, No.

- 3 -

99-1995, 2000 WL 1434695, at *1 (6th Cir. Sept. 19, 2000) (reaffirming the decision in *Hawkins v. Morse*, 1999 WL 1023780, at *2). The Third Circuit addressed the issue in more detail. In *Newman v. Beard*, 617 F.3d 775, 781 (3d Cir. 2010), the court acknowledged that the First Amendment protects both the right to speak freely and the right not to speak at all. *Id.* (citing *Wooley v. Maynard*, 430 U.S. 705, 714 (1977)). The Amendment ordinarily prevents the state from "'inquir[ing] about a man's views or associations solely for the purpose of withholding a right or benefit because of what he believes.'" *Newman*, 617 F.3d at 781 (quoting *Baird v. State Bar of Ariz.*, 401 U.S. 1, 7 (1971)). As the Supreme Court repeatedly has recognized, however, incarceration necessarily "imposes restrictions on a prisoner's rights." *Id.* (quoting *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 129 (1977). A prisoner retains only those First Amendment rights that are not "inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). The *Newman* court held that the prisoner failed to make the necessary showing under *Turner*. *See Newman*, 617 F.3d at 781.

Here, as in *Newman*, Plaintiff has not alleged that the requirement that he admit guilt serves no legitimate penological purpose or is unrelated to rehabilitation. Nor could he. The Supreme Court squarely has recognized that "'States . . . have a vital interest in rehabilitating convicted sex offenders' and 'acceptance of responsibility for past offenses' is a 'critical first step' in a prison's rehabilitation program for such offenders.'" *Id.* (quoting *McKune v. Lile*, 536 U.S. 24, 47 (2002)); *see also Ainsworth v. Stanley*, 317 F.3d 1, 4-6 (1st Cir. 2002). Plaintiff suggests that his

- 4 -

admission would be false and it therefore is not relevant to his rehabilitation.  However, because Plaintiff was convicted of the offense, the state has no further burden of proving his guilt in relation to his eligibility for rehabilitation programs and parole.  *Newman,* 617 F.3d at 781.  As a consequence, Plaintiff fails to state a First Amendment claim.

Plaintiff also asserts that his right against self-incrimination was violated when he was denied parole as a result of his refusal to admit guilt to the parole board.  This assertion is without merit.

The Fifth Amendment guarantees that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself."  U.S. CONST. amend. V.  This right remains available to Petitioner despite his conviction.  *See Minnesota v. Murphy*, 465 U.S. 420, 426 (1984) ("A defendant does not lose this protection by reason of his conviction of a crime . . . ."); *cf. McKune v. Lile*, 536 U.S. 24, 48-54 (2002) (O'Connor, J., concurring) (applying the full blown Fifth Amendment analysis to a prisoner's claim that the prison's requirement that he participate in a sex offender treatment program violated his constitutional rights).  The Supreme Court has recognized that the Fifth Amendment extends not only to criminal proceedings, but any proceeding in which the answers might incriminate the individual in a future criminal proceeding.  *Allen v. Illinois*, 478 U.S. 364, 368, 106 S.Ct. 2988, 92 L.Ed.2d 296 (1986) (emphasis added).  "A valid assertion of the fifth amendment privilege exists where a witness has reasonable cause to apprehend a real danger of incrimination.  A witness must, however, show a 'real danger,' and not a mere imaginary, remote or speculative possibility of prosecution."  *In re Morganroth*, 718 F.2d 161, 167 (6th Cir.1983) (citations omitted).

- 5 -

It is well-settled that the Fifth Amendment right against self-incrimination is not implicated by the alleged pressure on a prisoner to admit, in order to improve his chances for parole, that he committed the crime(s) for which he is incarcerated.  *See Hawkins v. Morse,* 1999 WL 1023780, at *2 (citing *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 285-88 (1998)); *see also Rice v. Mich. Parole Bd.*, No. 1:05-cv-549, 2005 WL 2297463, at **3-4 (W.D. Mich. Sept. 21, 2005) (concluding that, because the Fifth Amendment extends only to proceedings in which answers might incriminate the individual in *future* criminal proceedings, refusal to admit to crimes of which prisoner had already been convicted did not implicate Fifth Amendment).  Therefore, the parole board's consideration of Petitioner's remorse (or lack thereof) for the crimes of which he had been convicted did not violate his Fifth Amendment rights.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:  February 28, 2017                    /s/ Janet T. Neff
                                             Janet T. Neff
                                             United States District Judge